Tony HARRIS, Plaintiff,

v.

COSTCO WHOLESALE CORP., et al., Defendants.

No. 04 CV 0409 L(WMC).

United States District Court, S.D. California.

Sept. 27, 2005.

Lynn Hubbard III, Law Offices of Lynn Hubbard III, Chico, CA, for Plaintiff.

Charles A. Valente and Praveen Kosuri of Krasnow Saunders Cornblath, LLP, Chicago, Illinois, and John C. Edwards, Law Office of John C, Edwards, La Jolla.

### ORDER RE: SUMMARY JUDGMENT MOTIONS

LORENZ, District Judge.

This matter comes before the Court on: (1) Plaintiff Tony Harris's Motion for Summary Judgment or Partial Summary Judgment in the Alternative; and (2) Defendant Costco Wholesale Corporation's Motion for Summary Judgment as to Count I. The Court finds these motions suitable for determination on the papers and without oral argument in accordance with Civil Local Rule 7.1(d)(1).

### THE AMERICANS WITH DISABILITIES ACT ("ADA")

" 'Congress enacted the ADA in 1990 to remedy widespread discrimination against disabled individuals.' " *Fortyune v. American Multi–Cinema, Inc.,* 364 F.3d 1075, 1080 (9th Cir.2004) (quoting *PGA Tour, Inc. v. Martin,* 532 U.S. 661, 674, 121 S.Ct. 1879, 149 L.Ed.2d 904 (2001)). Harris's federal claim arises under Title III of the ADA, which prohibits discrimination against disabled individuals in any place of public accommodation. 42 U.S.C. § 12182(a). The Department of Justice has adopted ADA Accessibility Guidelines ("ADAAO"), codified in 28 C.F.R. Pt. 36, App. A as part of its ADA Title III standards. *Fortyune,* 364 F.3d at 1080. "These standards lay out the technical structural requirements of places of public accommodation and are applicable 'during the design, construction, and alteration of such buildings and facilities ... under the

[ADA]." *Id.* at 1080–81 (quoting 28 C.F.R. Pt. 36, App. A) (alterations in original). "The ADA grants a private right of action for injunctive relief to, inter alia, 'any person who is being subjected to discrimination on the basis of disability.'" *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000) (quoting 42 U.S.C. § 12188(a)(1)).

## BACKGROUND

In 1990, Harris suffered extensive injuries to his spiral column as a result of an accident while riding a four-wheel-all-terrain-vehicle. (Harris Decl. ¶¶ 2, 4; Harris Dep. 20:1–21, Nov. 5, 2004.) He is presently a paraparetic (someone with partial paralysis of lower extremities) who uses a wheelchair for mobility when traveling about in public. (Harris Decl. ¶ 9.) Harris lives in Cottonwood, California, which is approximately 150 miles north of Sacramento, California. (*Id.* ¶¶ 18, 19; Harris Dep. 8:20–9:16.) After his father passed away in October 2003, Harris has made at least 10 to 15 trips to see his brother who lives in San Diego, California. (Harris Decl. ¶¶ 21, 22.) On January 13, 2004, while he was visiting his brother, Harris became a Costco member at the Costco Mission Valley warehouse located at 2345 Fenton Parkway. (*Id.* ¶ 23; Harris Dep. 75:4–7, 76:11–77:10.) It is undisputed that Costco owns and operates the warehouse, which was built in 2000, and that it is a place of public accommodation as defined by Title III of the ADA.

After obtaining a membership card, Harris purchased fruit for a fruit salad. (Harris Decl. ¶ 25; Harris Dep. 76:1–3, 77:15–25.) He visited the same Costco warehouse on November 4, 2004 and purchased a set of Motorola two-way radios. (Harris Decl. ¶ 26; Harris Dep. 88:1–12). Plaintiff contends that on both occasions, he encountered architectural barriers that denied him access to the store.

Plaintiff filed this action on February 26, 2004, alleging violations of the ADA, 42 U.S.C. § 12101 *et seq.,* the California Disabled Persons Act, Cal. Civ.Code §§ 54 *et seq.;* California's Unruh Civil Rights Act, Cal. Civ.Code §§ 51 *et seq.;* California Health and Safety Code Part 5.5; California's Unfair Business Practices Act, Cal. Bus, & Prof.Code §§ 17200 *et seq.;* and negligence. The Complaint does not specifically identify the barriers Harris encountered but alleges Costco: (1) failed to provide access to the warehouse from public sidewalks, parking, or public transportation; (2) failed to provide access to those areas of the warehouse where goods and services are made available to the public; and (3) failed to provide access to restroom facilities. (Compl.¶¶ 19–21.)

At his deposition on November 5, 2004 and in his declaration filed in support of his motion for summary judgment, Harris specifically described the architectural barriers he contends he encountered at the Costco Mission Valley warehouse. On January 24, 2005, Plaintiff's expert, Reed Settle, inspected the Costco store. (Settle Decl. ¶¶ 3, 4.) After the inspection, Plaintiff's expert prepared a report specifying barriers in violation of ADAAG standards and the California Building Code ("CBC"), Cal.Code Regs. Tit. 24. (*Id.* ¶ 4; *see* Settle Report.)

## LEGAL STANDARD FOR SUMMARY JUDGMENT MOTIONS

Federal Rule of Civil Procedure 56 empowers the court to enter summary judgment on factually unsupported claims or defenses. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Summary judgment is appropriate "If the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine

issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A fact is material when, under the substantive governing law, it affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir.1997).

The party moving for summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548. If the moving party does not have the burden of proof at trial, it may carry its initial burden by "produc[ing] evidence negating an essential element of the nonmoving party's case, or, after suitable discovery, the moving party may show that the nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., v. Fritz Cos.*, 210 F.3d 1099, 1106 (9th Cir.2000). When the moving party bears the burden of proof on an issue—whether on a claim for relief or an affirmative defense—the party "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in its favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir.1986); *see S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003).

If the moving party fails to discharge its initial burden of production, summary judgment must be denied and the court need not consider the nonmoving party's evidence, even if the nonmoving party bears the burden of persuasion at trial. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Nissan Fire*, 210 F.3d at 1102–03. When the moving party carries its initial burden of production, the nonmoving party cannot "rest upon mere allegation or deni-

als of his pleading." *Anderson*, 477 U.S. at 256, 106 S.Ct. 2505. Rather, the nonmovant must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548 (internal quotations omitted); *Anderson*, 477 U.S. at 256, 106 S.Ct. 2505; *Nissan Fire*, 210 F.3d at 1103.

A "genuine issue" of material fact arises if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987). When ruling on a summary judgment motion, the court cannot engage in credibility determinations or weighing of the evidence; these are functions for the jury. *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505; *Playboy Enters., Inc. v. Welles*, 279 F.3d 796, 800 (9th Cir.2002). The court must view the evidence in the light most favorable to the nonmoving party, and draw all reasonable inferences in favor of the non-movant. *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1180 (9th Cir.2002). The court is not required "to scour the record in search of a genuine issue of triable fact," *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir.1996) (internal quotations omitted), but rather "may limit its review to the documents submitted for purposes of summary judgment and those parts of the record specifically referenced therein." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1030 (9th Cir.2001).

## DISCUSSION

Harris moves for summary judgment, seeking injunctive relief under the ADA and statutory damages under the Unruh Civil Rights Act. Costco, in turn, moves for summary judgment as to Harris's ADA claim on the basis Harris lacks standing because: (1) there is no foreseeable risk of future injury because the store is more than 600 miles from Harris's residence; and (2) Harris did not encounter any ADA violations on his visit to Costco's warehouse.[1] Because standing is a threshold issue, the Court turns to that matter.

■ A necessary element of Article III's "case" or "controversy" requirement is that a litigant must have " 'standing' to challenge the action sought to be adjudicated in the lawsuit." *Valley Forge Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982); *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1152 (9th Cir.2000). The "irreducible constitutional minimum" of Article III standing has three elements. *LSO*, 205 F.3d at 1152 (internal quotations omitted). First, Plaintiff must have suffered "an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (internal citations and quotations omitted); *Fortyune*, 364 F.3d at 1081. Second, Plaintiff must show a causal connection between the injury and the conduct complained of; *i.e.*, "the injury has to be fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court." *Lujan*, 504 U.S. at 560, 112 S.Ct. 2130 (*quoting Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 41–42, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976)) (alterations in original); *accord Fortyune*, 364 F.3d at 1081. Third, it must be "likely," and not merely "speculative," that the plaintiff's injury will be redressed by a favorable decision. *Lujan*, 504 U.S. at 561, 112 S.Ct. 2130; *Fortyune*, 364 F.3d at 1081.

■ Plaintiff, as the party invoking federal jurisdiction, has the burden of proof and persuasion as to the existence of standing. *Lujan*, 504 U.S. at 561, 112 S.Ct. 2130; *Fortyune*, 364 F.3d at 1081. Although at the pleading stage general

---

1. The parties entered into a stipulation governing the filing of their cross-motions for summary judgment. Under the terms of that stipulation, the parties were to file their reply briefs on July 11, 2005. (Dock. No. 25.) Costco did not file its reply brief until July 15, 2005 due to confusion of its counsel over the brief's due date when the attorney with day-to-day responsibility over this case resigned. (Costco's Response to Objection.) Costco's counsel contacted Harris's counsel on July 11 to inform him of the confusion and that Costco would file its reply brief on July 15. Costco's counsel indicated he would not object if Harris chose to file his reply brief also on July 15.

Harris timely filed his reply brief on July 11, and on July 15 filed an objection to Costco's reply brief, asking that it be stricken as untimely. Costco responded to the objection, and Harris subsequently filed a second objection to Costco's reply brief, arguing the reply's contention that Harris is a vexatious litigant should be disregarded as it was not raised in Costco's moving papers.

Costco's reply brief was, indisputably, untimely. Nevertheless, the Court declines to order it stricken. Harris was advised of the confusion leading to the untimely filing and effectively offered to stipulate to modify the briefing schedule, but declined to do so. Further, Costco's argument impugning Harris's reasons for bringing this action did not influence this Court's ruling as the contention was raised for the first time in the reply brief and irrelevant to the issue of standing, Accordingly, Harris was not prejudiced by the late filing of Costco's reply brief and his request to strike the brief is DENIED.

factual allegations of injury resulting from the defendant's conduct may suffice to establish standing, at the summary judgment stage they are not. *Dep't of Commerce v. United States House of Representatives,* 525 U.S. 316, 329, 119 S.Ct. 765, 142 L.Ed.2d 797 (1999); *Lujan,* 504 U.S. at 561, 112 S.Ct. 2130. Rather, on a motion for summary judgment, "a plaintiff must establish that there exists no genuine issue of material fact as to justiciability or the merits." *Dep't of Commerce,* 525 U.S. at 329, 119 S.Ct. 765. Accordingly, a plaintiff must support its allegations of injury by affidavit or evidence of specific facts. *Snake River Farmers' Ass'n, Inc. v. Dep't of Labor,* 9 F.3d 792, 795 (9th Cir.1993).

 The injury-in-fact element is determined by the facts in existence at the time the plaintiff filed the lawsuit. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.,* 528 U.S. 167, 170, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000); *Martinez v. Longs Drug Stores, Inc.,* 2005 WL 2072013, at *3 (E.D.Cal. Aug. 25, 2005). To meet the "concrete and particularized" prong of the injury-in-fact element, "the injury must affect the plaintiff in a personal and individual way." *Lujan,* 504 U.S. at 560 n. 1, 112 S.Ct. 2130; *accord Pickern v. Holiday Quality Foods Inc.,* 293 F.3d 1133, 1137 (9th Cir.2002). In the ADA context, the Ninth Circuit has "underst[oo]d that to mean that [the plaintiff] must himself suffer an injury as a result of the [ ] store's noncompliance with the ADA." *Pickern,* 293 F.3d at 1137. A plaintiff suffers an injury in fact from ADA noncompliance if he personally encounters the barrier complained of, or he has actual knowledge of the barrier complained of and has been deterred from visiting the public accommodation because of that barrier. *Id.* at 1137–38; *Martinez,* 2005 WL 2072013, at *3; *Steger,* 228 F.3d at 892.

In this case, there is no evidence that prior to filing suit, Harris was aware of any architectural barriers at the Mission Valley Costco and was deterred from shopping there because of those barriers. Thus, Harris's standing to bring an ADA action must rest on the architectural barriers he contends he encountered during the visit that pre-dates the filing of the Complaint. According to Harris's deposition testimony and declaration in support of his summary judgment motion, Harris faced five barriers on that January 13, 2004 visit: (1) an insufficient amount of accessible parking (Harris Decl. ¶ 28(a); Harris Dep. 114:17–116:2); (2) lack of an accessible path of travel to general public parking spaces (Harris Decl. ¶ 28(a); Harris Dep. 122:2–4); (3) the placement of the toilet paper holder interfered with his clear floor space (Harris Decl. ¶ 28(b); Harris Dep. 81:9–14); (4) difficulty reaching the ATM card reader at the checkout stand (Harris Decl. ¶ 28(c); Harris Dep. 78:15–21); and (5) lack of a gasoline refueling pump that would accommodate his disability. (Harris Decl. ¶ 28(d).) The Court finds that none of these purported barriers violated the ADA or ADAAG.

## I. Number of Accessible Parking Spaces

 At his deposition, Harris testified that when he arrived at the Mission Valley Costco warehouse in January 2004 he could not locate an accessible parking spot and consequently parked in the spaces open to the general public. (Harris Dep. 74:10–21.) He further testified he believed the store did not have sufficient accessible parking spaces. *Id.* 114:17–116:2. Plaintiff's belief, however, is rebutted by the deposition testimony of his own expert, who acknowledged he had not "identified any problems with the amount of disabled parking." *Id.* 125:15–17. Because Harris is not an expert in the technical requirements of the ADA, *id.* 121:21–25, there is no triable issue of material fact that the

number of accessible parking spaces at the Costco Mission Valley warehouse does not violate the ADA.

## II. *Accessible Path of Travel from the Parking Field*

Harris contends that when he parked in one of the non-accessible parking spaces open to the general public, he encountered another architectural barrier: lack of an accessible path of travel. (Harris Decl. ¶ 28(a); Harris Dep. 123:7–124:1.) Plaintiff states that because all disabled parking spaces were full, he intended to park in a general parking space away from the store, yet next to an accessible route. (Harris Dep. 123:15–22.) However, he found there was no accessible route of travel from the sidewalk for him to park next to, and he was forced to dodge cars to get to the entrance of the store. (Harris Decl. ¶ 28(a); Harris Dep. 123:23–124:1.)

■ The applicable ADAAG standard relating to accessible paths of travel is 4.3.2(1), which provides:

> At least one accessible route within the boundary of the site shall be provided from public transportation stops, accessible parking, and accessible passenger loading zones, and public streets or sidewalks to the accessible building entrance they serve. The accessible route shall, to the maximum extent feasible, coincide with the route for the general public.

ADAAG 4.3.2.(1). Plaintiff's declaration and deposition testimony do not, however, support a finding of an ADA violation. Plaintiff parked in the general parking area. There is no requirement that every parking space be next to an accessible route. *Cf. Long v. Coast Resorts, Inc.*, 32 F.Supp.2d 1203, 1212 (D.Nev.1998), (stating that "the ADA does not require every element of a place of public accommodation to be accessible. For example, every seat location in a stadium is not required to be wheelchair-accessible. Every room in a hotel is not required to be fully accessible. Every stall in every bathroom is not required to accommodate wheelchairs. Every entrance or exit is not required to be wheelchair-accessible."), *aff'd in part, rev'd in part*, 267 F.3d 918 (9th Cir.2001).

The report and deposition testimony of Plaintiff's expert also do not support Plaintiff's contention he encountered an ADA violation when parking in the general parking area in January 2004. Plaintiff's expert testified there were no accessibility problems with the pedestrian walkways from the north and west sides to the building entrance. (Settle Dep. 91:4–11.) Settle did note two problems with the path of travel on the east side of the property line to the Costco entrance. (Settle Dep. 91:12–21; Settle Report Item 1.1–1.3.) These were: lack of detectable warnings and path of travel signs. (Settle Dep. 91:12–21; Settle Report Item 1.1–1.3.) These problems, however, do not support a finding Harris encountered an ADA violation.

■ First, as Costco correctly notes, detectable warnings are for visually-impaired individuals. Contrary to Harris's contention that there is no ADAAG section stating detectable warnings are solely for the visually impaired, ADAAG section 3.5 defines "detectable warning" as: "[a] standardized surface feature built in or applied to walking surfaces or other elements *to warn visually impaired people of hazards on a circulation path.*" ADAAG § 3.5 (emphasis added). Consistent with the federal regulation, Harris's expert testified detectable warnings are for assisting visually-impaired individuals, and not those with a mobility impairment. (Settle Dep. 94:2–9.) While mobility-impaired persons may benefit from the increased traction provided by detectable warnings, there is nothing in the regulation suggesting that is their purpose. Because Harris does not

suffer from a visual impairment, he does not have standing to challenge the lack of detectable warnings. *Steger*, 228 F.3d at 893.

Second, path of travel signs are not required by the ADA nor specified in the ADAAG standards. (Settle Dep. 105:23–106:9.) Rather, path of travel signs are required by California law. *Id.* 105:23–106:1; Cal.Code Reg. tit. 24 § 1133B8.5. Accordingly, the lack of path of travel signs did not violate the ADA.

### III. *Costco's Public Restroom*

After Harris completed his purchase on his January 2004 visit to Costco, he went to the restroom. (Harris Dep. 81:4–7.) In his declaration in support of his motion for summary judgment, Harris states "the accessible stall contained a toilet paper holder which interfered with my clear floor space in front of the water close[t] and adversely affected my maneuvering space." (Harris Decl. ¶ 28(b).) At his deposition, he explained that he "went to the disabled place and sat down. And then when [he] got back up, [he] banged [his] knee on [the] toilet paper holder ... because it sticks out of the wall a little bit." (Harris Dep. 81:9–13.) The only problem with the toilet paper dispenser Harris's expert report noted was that its leading edge is 40 inches in front of the water closet when the applicable ADAAG standard requires its leading edge not to exceed 36 inches from the back wall. (Settle Report Item 8.1.)

ADAAG section 4.23.7 governs controls and dispensers in bathrooms. ADAAG § 4.23.7. That standard provides that "[i]f controls, dispensers, receptacles, or other equipment are provided, then at least one of each shall be on an accessible route." *Id.* As depicted in photos 48 and 49 in Settle's report, there are two toilet paper dispensers in that bathroom. (Settle Report Photos 48, 49.) While the roll furth-est from the back wall is 40 inches from the back wall, the other toilet paper dispenser is within 36 inches of the back wall. *Id.* Settle acknowledged at his deposition that because one of the toilet paper rolls was compliant, that there was no violation of the ADA and ADAAG. (Settle Dep. 151:21–24.) Accordingly, because Settle ultimately determined the toilet paper dispenser is compliant, its location is not the basis of an ADA claim.

### IV. *ATM Card Readers*

Harris asserts that when he was paying for his items, he had "difficulty reaching the pay point machine because it was too high." (Harris Decl. ¶ 28(c).) He similarly testified at his deposition that he had difficulty using the ATM card reader at the checkstand because it was too high, so he could barely see it. (Harris Dep. 79:16–80:8, 82:8–13.) His expert measured the store's card readers and found they were 40 inches above the floor. (Settle Report Item 10.7; Settle Dep. 174:15–17.)

Harris has not presented any authority indicating the position of the card readers violates federal law. Indeed, at his deposition, Settle testified the card readers' height does not violate ADAAG standards. (Settle Dep. 174:7–14.) Notably, the applicable ADAAG standard sets 46 inches as the maximum height allowable for card readers. ADAAG 4.34.3. Accordingly, there are no triable issues of material fact that the card readers do not violate the ADA.

### V. *Gas Station*

 In his declaration in support of his summary judgment motion, Harris states that after he finished shopping he needed to refuel, but left after he could not find a gasoline refueling pump at the Costco refueling station that could accommodate his disability. (Harris Dec. ¶ 28(d).) At his

deposition, Harris testified that although he went over to the gas station, he "didn't get fuel that time, because the place was packed and [he] couldn't tell what aisle [he] was supposed to be in" and then left. (Harris Dep. 92:23–93:7.) Based on this testimony, the Court finds Harris did not encounter an ADA violation at Costco's gas station that deprived him of full enjoyment of its facilities. Rather, he chose not to refuel there because it was too crowded. Accordingly, there is no triable issue of material fact that no aspect of Costco's gas station caused Harris an injury under the ADA.

### VI. *Summary*

Having reviewed the record and applicable law, the Court finds there are no triable issues of material fact that Harris did not encounter an ADA or ADAAG violation when he visited the Costco store on January 13, 2004.[2] As a result, Harris does not have standing to bring his claim under Tide III, and summary judgment must be granted as to that cause of action. Because the remaining claims arise under state law and there is no other basis for federal jurisdiction, the Court **DISMISSES** the state law claims under 28 U.S.C. § 1367(c)(3) **WITHOUT PREJUDICE TO BEING RE–FILED IN STATE COURT.**

### *CONCLUSION*

Having reviewed the record and applicable law, **IT IS HEREBY ORDERED:**

1. Costco's motion for summary judgment as to Count 1 is **GRANTED** [docket no. 33].

2. Harris's remaining causes of action under state law are **DISMISSED WITHOUT PREJUDICE** to being re-filed in state court.

3. Harris's motion for summary judgment is **DENIED** insofar as it seeks injunctive relief under the ADA for the purported barriers discussed in this order [docket nos. 26–1, 26–2]. The Court expresses no opinion on whether Harris is entitled to injunctive relief or damages under state law for those barriers or for the barriers identified by his expert and which Harris did not encounter.

---

**2.** Harris cites *Fortyune* to suggest he encountered a "use" barrier and that compliance with the ADAAG is no excuse. (Harris's Opp. to Costco's Mot. for Summ. J. at 8.) *Fortyune* does not support Harris's position.

As *Fortyune* noted, there is a difference between ADA cases challenging the design of places of public accommodation, and those cases challenging "a public accommodation's policy regarding the use of that design." *Fortyune*, 364 F.3d at 1084–85. In *Fortyune*, the plaintiff, who required use of a wheelchair and an aide, went to the movie theater with his wife. *Id.* at 1078. The auditorium provided four wheelchair spaces, each of which was adjoined by a companion seat. *Id.* A sign on the back of the seats indicated they were intended for use by the companions of individuals with disabilities. *Id.* When plaintiff and his wife entered the theater, a man and his son, who appeared to be neither disabled nor accompanying a wheelchair-bound patron, occupied two of the companion seats.

*Id.* After the man refused to leave, the theater's manager told plaintiff and his wife that under company policy, the manager could not require the man to vacate the companion scat because the movie was sold-out. *Id.* at 1079–80. In *Fortyune*, the fact that the theater's design may have complied with ADAAG requirements was of no moment. The Ninth Circuit held the plaintiff established a claim under the ADA based on the company's policy regarding the use of that design; *i.e.,* the use and availability of the companion seat. *Id.* at 1085.

In contrast, Harris has not presented any evidence he was discriminated against as a result of a particular Costco policy. Instead, Harris claims he encountered architectural barriers—problems with the design of the Costco warehouse. (Harris Decl. ¶ 28.) Therefore, compliance with the ADAAG in this case undermines Harris's claim he encountered an ADA violation.

4. Harris's request to strike Costco's reply brief is **DENIED.**

**IT IS SO ORDERED.**