**Jeff HOHLBEIN, Plaintiff—Appellant,**

v.

**HOSPITALITY VENTURES LLC;
Hospitality Ventures–Carson City
LLC, Defendants—Appellees.**

**No. 05–16429.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 12, 2007.

Filed Sept. 20, 2007.

Robert J. Kilby, Reno, NV, for Plaintiff–Appellant.

Kenneth R. Bick, Reno, NV, for Defendants–Appellees.

Before: THOMPSON, RYMER, and FISHER, Circuit Judges.

### MEMORANDUM *

Jeff Hohlbein appeals the district court's summary judgment and dismissal in favor of Hospitality Ventures LLC ("HV") and others in Hohlbein's action alleging that HV failed to comply with Title III of the Americans with Disabilities Act ("ADA"),

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

42 U.S.C. §§ 12181–89, when HV failed to provide barrier-free access to its hotel, the Park Inn Hardman House in Carson City, Nevada. We have jurisdiction under 28 U.S.C. § 1291, and we reverse the district court because Hohlbein met his burden of adducing sufficient evidence of standing to withstand summary judgment. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

We review the court's decision to grant summary judgment in an ADA action de novo. *See Humphrey v. Mem. Hosps. Ass'n,* 239 F.3d 1128, 1133 (9th Cir.2001). While standing is a question of law reviewed de novo, *Wilbur v. Locke,* 423 F.3d 1101, 1107 (9th Cir.2005); *San Diego County Gun Rights Comm. v. Reno,* 98 F.3d 1121, 1124 (9th Cir.1996), we review for clear error the factual determinations underlying the district court's decision on standing, *id.; see also American–Arab Anti–Discrimination Comm. v. Thornburgh,* 970 F.2d 501, 506 (9th Cir.1992) (as amended).

Although the district court in a previous hearing on summary judgment found that Hohlbein had adduced facts sufficient to establish standing, standing is a jurisdictional issue that the district court may reconsider sua sponte. *See Bernhardt v. County of Los Angeles,* 279 F.3d 862, 868 (9th Cir.2002). To satisfy Article III's standing requirements, Hohlbein must show that

> (1) [he] has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 180–81, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000); *see also Pickern v. Holiday Quality Foods Inc.,* 293 F.3d 1133, 1137 (9th Cir.2002).

Because Hohlbein personally encountered great difficulties in entering and leaving the Hardman House, and, in addition, was deterred from staying there due to the unavailability of wheelchair-accessible rooms, Hohlbein "has stated sufficient facts to show concrete, particularized injury." *Id.* at 1138. There is no dispute that the second element—injury traceable to HV—is also satisfied because HV's noncompliance with the ADA caused Hohlbein's injury. *Id.*

However, the district court erred in finding on the basis of unsworn, controverted assertions that Hohlbein failed to demonstrate real and imminent injury redressible by a favorable decision because he lacked an intent to return to Carson City. While a court may require a plaintiff at the summary judgment stage to supply by amendment to the complaint or by affidavit further particularized allegations of fact deemed supportive of standing, *Warth v. Seldin,* 422 U.S. 490, 501, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975); Fed. R.Civ.P. 56(e), at summary judgment, those specific facts must be taken to be true, *Lujan,* 504 U.S. at 561, 112 S.Ct. 2130.

Construed in the light most favorable to Hohlbein, the specific facts he alleges are sufficient to establish standing. First, Hohlbein stated in his September 2003 deposition that he intended to return to Carson City in May 2004. In addition, Hohlbein averred that he had visited Carson City at least ten times in his lifetime and that he had a fondness for the area because his family had owned a cabin in Tahoe City, California. Furthermore, in his opposition to the motion for summary judgment, Hohlbein attached a declaration which stated that he had made hotel reser-

vations in Carson City for May 2004 and August 2004.

While HV argues that Hohlbein's ADA litigation history, his cancellation of the hotel reservations,[1] and the long distance from Hohlbein's residence to Carson City undercut his claim of a "real or immediate threat that [he] will be wronged again" necessary for equitable relief, *Hodgers–Durgin v. de la Vina*, 199 F.3d 1037, 1042 (9th Cir.1999) (en banc), the inference that Hohlbein lacks any intent to return to Carson City cannot be made against him on the current state of the record. We note, however, that because the evidentiary burden to demonstrate standing remains on Hohlbein, the district court may revisit the issue of standing in an evidentiary hearing[2] or at trial, where the controverted facts "must be supported adequately by the evidence adduced" there. *Lujan*, 504 U.S. at 561, 112 S.Ct. 2130 (internal quotation marks omitted); *see also Armstrong v. Davis*, 275 F.3d 849, 860 (9th Cir.2001) ("[T]he court may reconsider whether the plaintiffs have standing ... at the trial stage of the litigation."); *Legal Aid Soc'y of Alameda County v. Brennan*, 608 F.2d 1319, 1333 (9th Cir.1979) ("To sustain a favorable judgment, the allega-

tions [supporting standing] must be uncontroverted or proven.").

### REVERSED AND REMANDED.

---

1. The existence of federal jurisdiction depends on the facts as they existed when the action was commenced, *see Wilbur v. Locke*, 423 F.3d 1101, 1107 (9th Cir.2005), but the cancellation may be relevant insofar as it bears on whether at the time of filing, Hohlbein had an intent to return.

2. *See, e.g., Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 114–15 & n. 31, 99 S.Ct. 1601, 60 L.Ed.2d 66 (1979) (noting that disputed factual issues regarding standing may be resolved at trial); *Duke Power Co. v. Carolina Envtl. Study Group, Inc.*, 438 U.S. 59, 67–68, 98 S.Ct. 2620, 57 L.Ed.2d 595 (1978) (district court held pretrial evidentiary hearing to resolve disputed issues of fact on standing); *United States v. 1998 BMW "I" Convertible*, 235 F.3d 397, 400 (8th Cir.2000) ("Because there were disputed factual issues

and witness credibility determinations to be resolved, we conclude that the district court was required to conduct an evidentiary hearing."); *Bischoff v. Osceola County, Fla.*, 222 F.3d 874, 881–82 (11th Cir.2000) (concluding the district court was required to hold an evidentiary hearing that included live witness testimony when the parties presented the court with conflicting affidavits regarding the issue of standing); *Munoz–Mendoza v. Pierce*, 711 F.2d 421, 425 (1st Cir.1983) ("The court must resolve any genuine disputed factual issue concerning standing, either through a pretrial evidentiary proceeding or at trial itself."); *Martin v. Morgan Drive Away, Inc.*, 665 F.2d 598, 602 (5th Cir.1982) (vacating the district court's order dismissing a party for lack of standing without first holding an evidentiary hearing when several issues of fact were in dispute).