**Brenda PICKERN; Floyd Smyth; Paul Heard, Plaintiffs,**

**and**

**Jerry Doran, Plaintiff–Appellant,**

**v.**

**HOLIDAY QUALITY FOODS INCORPORATED, Defendant–Appellee.**

No. 00–17203.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 2002— San Francisco, California.

Filed June 19, 2002.

Mark D. Potter and Russell C. Handy, Center for Disability Access, San Diego, CA, for the appellant.

Rebecca M. Ceniceros and S. Craig Hunter, Livingston & Mattesich Law Corp., Sacramento, CA, for the appellee.

Before THOMPSON, W. FLETCHER and BERZON, Circuit Judges.

## OPINION

WILLIAM A. FLETCHER, Circuit Judge.

Plaintiff Jerry Doran appeals the district court's dismissal of his suit seeking

injunctive relief for an alleged violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA" or "Title III"). Doran, a paraplegic who uses a wheelchair, alleges that because defendant Holiday Quality Foods' ("Holiday") grocery stores are "public accommodations" within the meaning of the ADA, 42 U.S.C. § 12181(7)(E), Holiday is required to remove architectural barriers that make it difficult for Doran to gain access to one of Holiday's stores. On motion for summary judgment, the district court held that because Doran had not attempted to enter the store during the limitations period, and thus had not actually encountered any barriers during that period, his claim was time-barred and he did not have standing.

We hold that when a plaintiff who is disabled within the meaning of the ADA has actual knowledge of illegal barriers at a public accommodation to which he or she desires access, that plaintiff need not engage in the "futile gesture" of attempting to gain access in order to show actual injury during the limitations period. When such a plaintiff seeks injunctive relief against an ongoing violation, he or she is not barred from seeking relief either by the statute of limitations or by lack of standing.

We therefore reverse and remand.

## I. Background

Doran has patronized a number of Holiday stores and is a regular customer of the Holiday store in his hometown of Cottonwood, California. He states in a declara-

tion: "My favorite grocery store chain is the Holiday Foods grocery stores. When I need to buy groceries, I look first to Holiday Foods grocery stores." Doran's complaint does not allege ADA violations by the Cottonwood store; rather, he alleges a failure to comply with the ADA at the Holiday store in Paradise, California, which is about 70 miles from Cottonwood.[1] Doran's grandmother lives in Paradise, and Doran visits Paradise frequently to see her. He states in his deposition that "I try to go every Sunday to see my grandmother. She lives there [in Paradise], so I go up all the time." At some time prior to 1998, Doran visited the Paradise store and encountered the architectural barriers of which he now complains. He states that he would like to patronize the Paradise store when he visits his grandmother, but is deterred from doing so by the store's allegedly unlawful barriers.

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability" in places of public accommodation. 42 U.S.C. § 12182(a). Title III defines "discrimination" as, among other things, a failure to remove "barriers ... where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). If removal of a barrier is not "readily achievable," a public accommodation must make its facilities available through "alternative methods if such methods are readily available." 42 U.S.C. § 12182(b)(2)(A)(v).

---

1. The complaint also sought injunctive relief against stores in Orland, California, and Anderson, California. After oral argument, we ordered a limited remand to the district court for the purpose of determining whether intervening action by the defendant had rendered any of Doran's claims moot. After receiving evidence and hearing testimony, the district court concluded, without expressing an opinion on the merits of Doran's claims, that his claim as to the Paradise store is not moot. Because the parties stipulated that the Anderson store has closed, the district court found Doran's claims as to that store moot. The district court also determined that, because Doran did not pursue his claim against the Orland store on appeal, that claim is also moot. The claim against the Paradise store is thus the only live claim.

Doran alleges that the Paradise store has inadequate access to and from the parking lot; inadequate checkstand access; inadequate signs; and inadequate access to the restroom and to vending machines. After visiting the store prior to 1998, he visited it again only once before filing his complaint on March 1, 1999. On that second visit, in late 1998, he was obliged, because of the barriers, to wait in the parking lot while his companion went into the store on his behalf. Because Doran delayed for more than a year in filing his complaint after he first became aware of the barriers at the Paradise store, the district court dismissed his complaint. Doran timely appealed from the dismissal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's grant of summary judgment *de novo. Lopez v. Smith,* 203 F.3d 1122, 1131 (9th Cir.2000) (en banc). We view the evidence in the light most favorable to Doran, the non-moving party. *Id.*

## II. Statute of Limitations

■ The enforcement provisions of Title III provide only for injunctive relief. Damages are not available to individuals. *See* 42 U.S.C. § 12188(a) (providing that the remedies available to individuals shall be those set forth in 42 U.S.C. § 2000a–3(a), which allows only injunctive relief for violations of Title II of the Civil Rights Act of 1964, Pub.L. 88–352, *codified as amended at* 42 U.S.C. § 2000a et seq.); *Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400, 402, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968) (Title II allows injunctive relief only). Injunctive relief is available to "any person who *is being subjected to* discrimination on the basis of disability" or who has "reasonable grounds for believing that such person *is about to be subjected to* discrimination." 42 U.S.C. § 12188(a)(1) (emphases added). By employing the phrases "is being subjected to" and "is about to be subjected to," the statute

makes clear that either a continuing or a threatened violation of the ADA is an injury within the meaning of the Act. A plaintiff is therefore entitled to injunctive relief to stop or to prevent such injury.

Seeking to avoid unreasonable burdens on ADA plaintiffs, Title III explicitly provides that it does not require "a person with a disability to engage in a *futile gesture* if such person has actual notice that a person or organization ... does not intend to comply" with the ADA. *Id.* (emphasis added). The "futile gesture" language of Title III is taken from *Teamsters v. United States,* 431 U.S. 324, 366, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977). In *Teamsters,* the Court held that plaintiffs who did not actually apply for promotions could nevertheless challenge the employer's racially discriminatory seniority system under Title VII of the Civil Rights Act of 1964, Pub.L. 88–352, *codified as amended at* 42 U.S.C. § 2000e et seq., if they could show that they would have applied for the job if not for the employer's discriminatory practices. *See Teamsters,* 431 U.S. at 367–68, 97 S.Ct. 1843. The Court reasoned that "[w]hen a person's desire for a job is not translated into a formal application *solely because of his unwillingness to engage in a futile gesture he is as much a victim of discrimination* as is he who goes through the motions of submitting an application." *Id.* at 365–66, 97 S.Ct. 1843 (emphasis added).

■ Congress specifically intended that *Teamsters'* "futile gesture" reasoning be applied to ADA claims. *See* H. Rep. No. 101–485(II) at 82–83 (1990) *reprinted in* 1990 U.S.C.C.A.N. 303, 365 ("The Committee intends for this doctrine to apply to this title"); S.Rep. No. 101–116 at 43 (1989). Thus, under the ADA, once a plaintiff has actually become aware of discriminatory conditions existing at a public accommodation, and is thereby deterred

from visiting or patronizing that accommodation, the plaintiff has suffered an injury. *See also Davoll v. Webb*, 194 F.3d 1116, 1132–33 (10th Cir.1999) (disabled employee not required to initiate interactive process leading to reasonable accommodation where employer has made clear it will not engage in the interactive process). So long as the discriminatory conditions continue, and so long as a plaintiff is aware of them and remains deterred, the injury under the ADA continues.

A plaintiff has no cause of action under the ADA for an injury that occurred outside the limitations period.[2] But he or she has a cause of action, and is entitled to injunctive relief, for an injury that is occurring within the limitations period, as well as for threatened future injury. Doran states that he is currently aware of barriers to access that now exist at the Paradise store, and that these barriers currently deter him. Indeed, he states that the barriers deterred him from entering the store just before filing suit, when he needed something from the store and was obliged to remain in the parking lot. Doran's suit for injunctive relief is therefore not time-barred.

### III. Standing

■ If Doran's statements are true, he has suffered and is suffering an injury within the meaning of Title III of the ADA. However, his injury must also satisfy the "case" or "controversy" requirement of Article III of the Constitution. As the

Supreme Court has recently construed that requirement, a plaintiff must show three things:

> First [he must have] suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of.... Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (quotations and citations omitted). The second and third elements are not at issue; Holiday's noncompliance with Title III has caused Doran's injury, and an injunction requiring Holiday to comply with the ADA would redress it. The only question is whether Doran is suffering a sufficiently "concrete and particularized" and "actual or imminent" injury to satisfy the Court's "injury in fact" requirement.

"By particularized, we mean that the injury must affect the plaintiff in a personal and individual way." *Lujan*, 504 U.S. at 560 n. 1, 112 S.Ct. 2130. In the context of the ADA, we understand that to mean that Doran must himself suffer an injury as a result of the Paradise store's noncompliance with the ADA. We hold that in stating that he is currently deterred from attempting to gain access to the Paradise

2. The parties agree that a one-year limitations period applies. Because the ADA does not contain a statute of limitations, the court must apply the statute of limitations of the most analogous state law. *See Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660, 107 S.Ct. 2617, 96 L.Ed.2d 572; *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1140 (9th Cir.2000). Most district courts have applied California's one-year limit for personal injury actions to federal disability discrimination claims brought in

California. *See Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1136 n. 8 (9th Cir.2001) (citing cases, but not deciding the issue of whether a one-year limitations period applied to a disability claim brought under § 1983). Because the parties agree that the applicable limitations period is one year and do not argue the point to us, we assume without deciding that they are correct.

store, Doran has stated sufficient facts to show concrete, particularized injury.

In so holding, we agree with *Steger v. Franco, Inc.*, 228 F.3d 889 (8th Cir.2000), in which the Eighth Circuit held that a blind plaintiff who had only once attempted to enter the defendant's building had standing to bring an ADA challenge. The plaintiff was thwarted in his attempt to gain access to the men's restroom in the building because the signage did not comply with the ADA. *Id.* at 893–94. Like that plaintiff, Doran has personally encountered certain barriers that bar his access to Holiday's Paradise store. Further, the *Steger* court rejected the defendant's argument that the blind plaintiff could challenge the ADA violation only as to the restroom he had attempted to access, stating that such a "narrow construction" of the ADA would be "not only ... inefficient, but impractical." *Id. See also Parr v. L & L Drive–Inn Restaurant*, 96 F.Supp.2d 1065, 1080–81 (D.Haw.2000) ("This court is reluctant to embrace a rule of standing that would allow an alleged wrongdoer to evade the court's jurisdiction so long as he does not injure the same person twice.... Plaintiff should not be required to encounter every barrier seriatim ... to obtain effective relief." (internal quotations and citation omitted)). We agree with the Eighth Circuit that Doran need not necessarily have personally encountered all the barriers that 8765 bar his access to the Paradise store in order to seek an injunction to remove those barriers.

■ In addition to suffering a concrete injury particular to himself, Doran must also have suffered actual or imminent injury. We hold that a disabled individual who is currently deterred from patronizing a public accommodation due to a defendant's failure to comply with the ADA has suffered "actual injury." Similarly, a plaintiff who is threatened with harm in the future because of existing or imminently threatened non-compliance with the ADA suffers "imminent injury."

Doran has visited Holiday's Paradise store in the past and states that he has actual knowledge of the barriers to access at that store. Doran also states that he prefers to shop at Holiday markets and that he would shop at the Paradise market if it were accessible. This is sufficient to establish actual or imminent injury for purposes of standing. *Compare Dudley v. Hannaford Bros. Co.*, 146 F.Supp.2d 82, 86 (D.Me.2001) (disabled plaintiff alleged actual injury where he evinced a desire to patronize a store that had discriminated against him in the past and had not changed its discriminatory policies or practices; the plaintiff "[did] not simply allege that he suffered one act of discrimination in the past. Rather, he also alleges that Defendant's discriminatory practice continues to exist.") *with Moreno v. G & M Oil Co.*, 88 F.Supp.2d 1116, 1116 (C.D.Cal. 2000) (disabled plaintiff could not show actual injury with respect to defendant's other gas stations, because plaintiff "[did] not claim he wants to visit the other stations, or will ever do so."). *See also Parr*, 96 F.Supp.2d at 1079–80 (disabled plaintiff established likelihood of future injury by submitting evidence that he would like to visit defendant's restaurant in the future, had patronized other restaurants in the chain, and the restaurant was close to his residence and was on a familiar bus line); *Dudley*, 146 F.Supp.2d at 86 (plaintiff's attempt to purchase liquor had occurred outside the limitations period, but "a single past incident of discrimination can provide ... grounds for a plaintiff's standing, as long as the lack of accommodation continues to exist" (citing *Parr*, 96 F.Supp.2d at 1077–83)).

## IV. Conclusion

Viewing the evidence in the light most favorable to Doran, we hold that his suit

for injunctive relief is not time-barred and that he has standing under the ADA and under Article III.

REVERSED AND REMANDED.