**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

BYRON CHAPMAN,
                    *Plaintiff-Appellee,*

v.

PIER 1 IMPORTS (U.S.) INC., dba
PIER 1 IMPORTS #1132,
                    *Defendant-Appellant.*

No. 07-16326

D.C. No.
CV-04-01339-LKK

OPINION

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, District Judge, Presiding

Argued and Submitted
February 11, 2009—San Francisco, California

Filed June 29, 2009

Before: John T. Noonan, David R. Thompson and
N. Randy Smith, Circuit Judges.

Opinion by Judge N.R. Smith

8151

## COUNSEL

Lynn Hubbard III and Scottlynn J. Hubbard IV, Law Offices of Lynn Hubbard, Chico, California, for the plaintiff-appellee.

Laura M. Franze and Richard Cortez, Jr., Akin Gump Strauss Hauer & Feld, LLP, Dallas, Texas, and Roland M. Juarez, Akin Gump Strauss Hauer & Feld, LLP, Los Angeles, California, for the defendant-appellant.

## OPINION

N.R. SMITH, Circuit Judge:

Byron Chapman ("Chapman") sued Pier 1 Imports (U.S.), Inc. ("Pier 1 Imports") under the Americans with Disabilities Act, ("ADA") 42 U.S.C. §§ 12101 *et seq.*, the Unruh Civil Rights Act, Cal. Civ. Code §§ 51 *et seq.*, and the Disabled Persons Act, Cal. Civ. Code §§ 54 *et seq.*, after visiting Pier 1 Imports's Vacaville, California location (the "Store") and encountering five accessibility barriers to his use of the men's restroom facilities. Chapman does not have standing to pursue unencountered barriers under our prudential standing doctrine, because the barriers Chapman encountered did not deter him from visiting or shopping in the Store. Because we conclude that Chapman did not have standing to pursue claims for unencountered barriers, and because the district court granted Pier 1 Imports summary judgment on all the barriers

Chapman claimed to have encountered, all other appealed issues are moot.

## I. BACKGROUND

Chapman suffers from a spinal cord injury that requires him to use a motorized wheelchair to travel in public, and is therefore considered "physically disabled" by California and federal laws. While visiting the Store on either May 22 or June 1, 2004, Chapman encountered five alleged accessibility barriers to his use of the men's restroom (the "encountered alleged barriers").

Chapman did not experience any other alleged barriers during his Store visits. Further, despite encountering these barriers, Chapman testified that he was not deterred from visiting the Store or using the restroom, that he intended to return to the Store in the future, and that he may already have done so.

Chapman filed his unverified Complaint on July 13, 2004, alleging that the Store did not comply with ADA and Unruh Civil Rights Act accessibility requirements. Chapman attached a "Survey of Access Code Violations" to his Complaint (the "Accessibility Survey"). Chapman alleges that the Complaint and Accessibility Survey present a "true and accurate list (with photos) of the barriers that denied him access to the Store, or which he seeks to remove on behalf of others." The Accessibility Survey listed twenty-three alleged barriers: the encountered alleged barriers, plus eighteen additional alleged barriers Chapman did not encounter. Though the unverified Complaint claims that Chapman had personal knowledge of the eighteen additional alleged barriers, he testified otherwise at his deposition. There he said that he (1) did not prepare the Accessibility Survey; (2) did not know who prepared the Accessibility Survey; and (3) was generally unfamiliar with the Accessibility Survey's contents.

Approximately ten months after Chapman filed his Complaint, Chapman retained an expert, Joe Card, who inspected

the Store and prepared a report (the "Card Report") on August 25, 2005. The Card Report identified thirty alleged accessibility violations, repeating three of the alleged violations found in the Complaint/Accessibility Survey and asserting twenty-seven new alleged violations (together with the Accessibility Survey alleged barriers, the "un-encountered alleged barriers").

Pier 1 Imports moved for summary judgment; Chapman opposed the motion and filed a cross-motion for summary judgment. Chapman attached the Card Report to his cross-motion. Chapman's brief, which he filed in the district court, did not (1) oppose Pier 1 Imports's motion for summary judgment, (2) provide evidence to support, or (3) move for summary judgment on four of the five alleged encountered barriers. In his brief, Chapman only discussed eleven of the alleged barriers, leaving the district court to conclude that he was only moving for summary judgment on those eleven barriers.

The district court granted summary judgment for Pier 1 Imports on all of the alleged encountered barriers; a decision Chapman does not appeal. Even though Chapman did not brief four of the five encountered barriers, the district court addressed those barriers.

First, the district court held that Chapman "fail[ed] to cite a relevant ADAAG standard" with respect to his claims that the seat cover dispenser was improperly located over the back grab bar and that the back grab bar was improperly located. Accordingly, the district court found that Chapman supplied no legal basis for these claims and granted summary judgment for Pier 1 Imports. Moreover, the court noted that, even if Chapman had cited the relevant ADAAG standards for these claims, Pier 1 Imports "put[s] forth facts that these . . . alleged violations do not, in fact, exist" and Chapman failed to proffer evidence that Pier 1 Imports committed any violation.

Second, though the district court found that Chapman cited to the proper ADAAG standards for Chapman's claims that the toilet tissue dispenser was improperly located and that there was inadequate clear floor space in the men's restroom, the court also ruled that Pier 1 Imports had established that it had not committed any violation with respect to these alleged barriers. In addition, the district court noted that Chapman failed to even mention any of these alleged violations in his opposition, cross-motion, or reply brief.

Chapman's cross-motion for summary judgment did discuss one encountered barrier: Chapman's allegation that Pier 1 Imports blocked routes of travel to the restroom and emergency exits with a ladder or merchandise displays. The district court held, however, that any obstructions were only temporary in nature. Because the ADA and ADAAG do not provide regulations regarding movable objects, the district court cited a U.S. Department of Justice publication to conclude that "regular use of an accessible route for storage of supplies would violate [the ADA], but an isolated instance of placement of an object in an accessible route is not a violation [of the ADA] if the object is promptly removed." United States Department of Justice, Civil Rights Division, *The Americans with Disabilities Act: Title III Technical Assistance Manual* § III-3.70000 (1993).[1] The district court held that "isolated failures to maintain access routes or parking spaces, without more, are not covered by the ADA." Accordingly, the district court granted Pier 1 Imports summary judgment on this issue.

In sum, the district court granted Pier 1 Imports summary judgment on all of Chapman's encountered alleged barriers, finding that either (1) the ADA/ADAAG did not cover the alleged barrier, or (2) the Store was in compliance with fed-

[1]The Supreme Court also cites the Technical Assistance Manual as authority on the ADA and ADAAG, and notes that the Justice Department's views are entitled to deference. *See, e.g.*, *Bragdon v. Abbott*, 524 U.S. 624, 646 (1998).

eral guidelines. The district court granted Pier 1 Imports summary judgment on all unencountered barriers but seven, all arising from either the Accessibility Survey or the Card report. Pier 1 Imports appealed, arguing that Chapman (a) did not have standing to seek relief for the alleged violations for which he received summary judgment, and (b) could not seek relief for alleged accessibility violations not included in his Complaint. Pier 1 Imports also asserts that the district court (c) should not have exercised supplemental jurisdiction over Chapman's state law claims, (d) should not have relied on contested testimony in support of Chapman's motion for summary judgment, and (e) erred in awarding Chapman damages and attorneys' fees.

## II.  STANDARD OF REVIEW

Because we do not have jurisdiction over this case if Chapman does not have standing to bring his claims, we review standing before moving to the other issues on appeal. We review de novo the district court's determination that Chapman had standing to bring his claims. *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1039 (9th Cir. 2008).

## III.  DISCUSSION

**[1]** Under Article III of the United States Constitution, a plaintiff must have standing to bring a case in federal court. In order to have standing, Chapman must show that he suffered an injury in fact, that there is a causal connection between his injury and Pier 1 Imports's conduct, and that it must be likely, as opposed to merely speculative, that Chapman's injury will be redressed by a favorable court decision. *Pickern v. Holiday Quality Foods, Inc.* (*Holiday Quality Foods*), 293 F.3d 1133, 1137 (9th Cir. 2007) (quotations and citations omitted). It is clear that Chapman had standing to sue Pier 1 Imports for not complying with the ADA with respect to the five alleged barriers he claimed to have encountered. *See, e.g.*, *Doran*, 524 F.3d at 1041-42 (citing *Lujan v.*

*Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Holiday Quality Foods*, 293 F.3d at 1138).

Though Chapman had standing to sue Pier 1 Imports for its alleged ADA violations that he personally encountered, "there remains a question, however, about the *scope* of the barriers that [Chapman] may challenge." *Id.* at 1042 (emphasis added). This question of scope concerns whether Chapman had standing to challenge Pier 1 Imports's ADA compliance with respect to un-encountered alleged barriers.

**[2]** In order to show that he has standing to challenge these additional claims, Chapman must make the same showing with respect to these claims as he made with respect to the encountered alleged barriers. He must show that (1) he suffered an injury in fact, (2) there is a causal connection between his injury and the additional claims, and (3) it must be likely, as opposed to merely speculative, that Chapman's injury will be redressed by a favorable court decision. *Holiday Quality Foods*, 293 F.3d at 1137 (quotations and citations omitted). The second and third elements are not at issue. If Chapman can show an injury under the ADA, he can also show that Pier 1 Imports's noncompliance with the ADA caused his injury, and an injunction requiring Pier 1 Imports to comply with the ADA would redress it. *Id.*

**[3]** In order to meet the Article III injury requirement, Chapman must show that the un-encountered alleged barriers caused him an "injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id.* (citing *Lujan*, 504 U.S. at 560-61 (internal citations and quotation marks omitted)). In order to be considered "particularized," the "injury must affect [Chapman] in a personal and individual way." *Id.* (citing *Lujan*, 504 U.S. at 560 n.1). In the context of the ADA, Chapman "must himself suffer an injury as a result of [Pier 1 Imports's Store's] noncompliance with the ADA." *Id.*

**[4]** It is clear that Chapman did not suffer an injury in the traditional sense, because he did not personally encounter any of the alleged barriers here appealed. This fact does not, however, mean he could not have been injured by them under Ninth Circuit precedent, which allows for a finding of injury under the "deterrent effect" doctrine. *See Holiday Quality Foods*, 293 F.3d at 1137-38.

*Holiday Quality Foods* established the Ninth Circuit doctrine that, though Chapman did not suffer an injury in the traditional sense, he may derive an injury from alleged barriers he did not encounter due to the "deterrent effect" of those he did encounter. *Id.* The deterrent effect doctrine states that, when a disabled person encounters accessibility barriers in a facility and would return to that facility if it were accessible, he or she has been injured by the deterrent effect of the barriers actually encountered *and* additional barriers he or she might expect to encounter on future visits. *See Doran,* 524 F.3d at 1045; *Holiday Quality Foods*, 293 F.3d at 1138. Moreover, the doctrine holds that it is impractical and inefficient to expect that a person, who is deterred from entering a facility, because he or she has encountered accessibility barriers, would attempt to re-enter the facility and to experience each ADA violation related to his or her disability.[2]

Accordingly, by "stating that he is currently deterred from attempting to gain access to the [defendant's] store, [an ADA plaintiff] state[s] sufficient facts to show concrete, particularized injury," not only for the barriers he alleged to have encountered, but for those he would have encountered but for the deterrent effect of those he did. *Holiday Quality Foods*, 293 F.3d at 1137-38. *Doran* clarified and arguably expanded this rule, holding that:

---

[2]The Ninth Circuit does not, however, grant a plaintiff standing to challenge un-encountered barriers not related to his or her disability. For example, a non-blind, non sight-impaired person who needs a wheelchair for mobility cannot challenge barriers that would only restrict access for a person who is blind or sight-impaired. *See Doran*, 524 F.3d at 1044 n.7.

> An ADA plaintiff who has encountered or has personal knowledge of at least one barrier related to his or her disability when he or she files a complaint, *and who has been deterred from attempting to gain access to the public accommodation because of that barrier*, has suffered an injury in fact for the purpose of Article III. An ADA plaintiff who has Article III standing as a result of at least one barrier at a place of public accommodation may, in one suit, permissibly challenge all barriers in that public accommodation that are related to his or her specific disability.

*Doran*, 524 F.3d at 1047 (citations omitted) (emphasis added). Similarly, because Chapman encountered alleged barriers related to his disability, he has suffered an injury in fact for the purposes of Article III if he can show that at least one of these barriers "deterred [him] from attempting to gain access to [the Store]." *Id.*

[5] Though the unverified Complaint alleged that the barriers (he claims to have encountered) deterred him from re-entering the Store, Chapman testified otherwise in his depositions. In these depositions, Chapman admits that the encountered alleged barriers did not deter him from visiting the Store or using the restroom; that he intended to return to the Store in the future; and that he may already have done so. We must consider Chapman's deposition testimony, not the assertions made in his Complaint, as the relevant evidence to determine whether the encountered alleged barriers deterred Chapman from gaining access to the Store. *See Flaherty v. Warehousemen, Garage & Service Station Employees' Local Union No. 334*, 574 F.2d 484, 486 n.2 (9th Cir. 1978) (assertions made in the complaint, legal memoranda, or oral argument are not evidence and do not create issues of fact). Chapman's statements instead indicate that, although he was aware of alleged barriers, he would visit the Store again—and the barriers presented so little problem to him that Chapman could not remember whether he had already re-visited the Store.

Accordingly, Chapman has, by his own admission, not been "deterred from attempting to gain access to [the Store]. . . ." *Doran*, 524 F.3d at 1047 (citation omitted). Because Chapman has not "been deterred from attempting to gain access to [the Store] because of [the encountered] barrier[s]," Chapman has not suffered an injury in fact for the purposes of Article III. *Id*. (citation omitted). The facts from Chapman's deposition testimony are much different from the facts in *Holiday Quality Foods*. In *Holiday Quality Foods*, the plaintiff "state[d] that he prefers to shop at Holiday markets and that he would shop at the Paradise market if it were accessible" to him. 293 F.3d at 1138. The Paradise market's lack of accessibility prevented the plaintiff from using the facility that he preferred to use, and, but for a lack of accessibility, he would visit the facility.

**[6]** We therefore conclude that the Ninth Circuit's prudential standing doctrine—based on the premise that a person who is deterred from visiting a public accommodation cannot find all the barriers in that accommodation—is not applicable. Chapman did not have standing to pursue unencountered alleged barriers.

## IV.  CONCLUSION

**[7]** In sum, we hold that the district court improperly extended the prudential standing doctrine to Chapman's unencountered alleged barriers. Despite encountering some alleged barriers, Chapman was not deterred from shopping at the Pier 1 Imports Store or from using its restroom facilities. Accordingly, we reverse the district court.

Because Chapman did not have standing to pursue the unencountered claims in federal court, and because the district court properly granted Pier 1 Imports summary judgment on all the alleged barriers Chapman encountered, all other issues in this case are moot.

**REVERSED.**