**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RYAN PETERS,

            Plaintiff - Appellant,

  v.

BOARD OF TRUSTEES OF THE VISTA
UNIFIED SCHOOL DISTRICT; et al.,

            Defendants - Appellees.

No. 09-57004

D.C. No. 3:08-cv-01657-L-NLS

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, District Judge, Presiding

Submitted October 25, 2011[**]

Before:    TROTT, GOULD, and RAWLINSON, Circuit Judges.

    Ryan Peters appeals pro se from the district court's judgment in his action

against his former school and school district alleging harassment and retaliation in

violation of state and federal law.  We have jurisdiction under 28 U.S.C. § 1291.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument and, accordingly, denies Peters's request.  *See* Fed. R. App.
P. 34(a)(2).

We review de novo the district court's dismissal on the basis of the applicable statute of limitations. *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1047 (9th Cir. 2008). We affirm.

The district court properly dismissed Peters's claims as time-barred because the applicable statute of limitations is three years, at most, and Peters filed his action beyond that time. *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (California's two-year statute of limitations for personal injury actions applies to 42 U.S.C. § 1983 claims); *Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) (per curiam) (California's statute of limitations for personal injury actions applies to Title VI claims); *Alexopulos v. S.F. Unified Sch. Dist.*, 817 F.2d 551, 554 (9th Cir. 1987) (either California's statute of limitations for personal injury actions or its three-year statute of limitations for a "liability created by statute" applies to Rehabilitation Act claims); *see also* Cal. Gov't Code §§ 945.6, 950.6 (at most, a two-year statute of limitations applies to actions for damages against public entities); *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1137 n.2 (9th Cir. 2002) (the statute of limitations of the most analogous state law applies to ADA claims).

Contrary to Peters's contention, the district court properly concluded that 28 U.S.C. § 1367(d) did not toll the statutes of limitations because no claims in

Peters's previous case were dismissed under the supplemental jurisdiction statute or reasserted by Peters in state court. *See* 28 U.S.C. § 1367(d) (tolling state statutes of limitations for state claims dismissed under supplemental jurisdiction statute).

Peters's remaining contentions, including those concerning 28 U.S.C. § 1658(a), are unpersuasive.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, nor arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**