NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 26 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ERVIN CHARLES ST. AMAND,

Plaintiff - Appellant,

v.

SHERMAN BLOCK; et al.,

Defendants - Appellees.

No. 10-57007

D.C. No. 2:00-cv-05963-TJH-E

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, Jr., District Judge, Presiding

Submitted April 17, 2012[**]

Before:     LEAVY, PAEZ, and BEA, Circuit Judges.

Ervin Charles St. Amand appeals pro se from the district court's summary

judgment in his 42 U.S.C. § 1983 action alleging constitutional violations and

violations of the Americans with Disabilities Act ("ADA") and the Rehabilitation

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Act.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment because the complaint, filed more than eleven years after St. Amand's claims accrued, was barred by the applicable one-year statute of limitations, and St. Amand failed to establish circumstances warranting equitable tolling.  *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (for § 1983 actions, "courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling"); *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1137 n.2 (9th Cir. 2002) (California personal injury statute of limitations is applicable to ADA and Rehabilitation Act claims); Cal. Civ. Proc. Code § 340(c) (2000) (personal injury claims subject to one-year statute of limitations); *cf. Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (equitable tolling is unavailable in most cases and is appropriate only if there are extraordinary circumstances beyond a plaintiff's control making it impossible to timely file).

St. Amand's request for judicial notice is denied.

**AFFIRMED.**