**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| KENNETH THUNDERBIRD, | No. 12-35588 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-01404-PK |
| v. | |
| STATE OF OREGON, Employees, Agents, Agencies; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Paul J. Papak II, Magistrate Judge, Presiding

Submitted April 16, 2014**

Before:     GOULD, BERZON, and BEA, Circuit Judges.

Oregon state prisoner Kenneth Thunderbird appeals pro se from the district

court's judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to

his serious medical needs and violations under the Americans with Disabilities Act

---

  *      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  **     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("ADA") and the Rehabilitation Act. We have jurisdiction under 28 U.S.C.

§ 1291. We review Thunderbird's claims de novo. *Sapp v. Kimbrell*, 623 F.3d 813, 821 (9th Cir. 2010) (failure to exhaust administrative remedies); *Douglas v. Noelle*, 567 F.3d 1103, 1106 (9th Cir. 2009) (failure to state a claim); *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (summary judgment). We affirm.

The district court correctly dismissed as time-barred Thunderbird's claims stemming from incidents that occurred more than two years before Thunderbird filed his action. *See* Or. Rev. Stat. § 12.110(1) (two-year statute of limitations for personal injury claims); *Noelle*, 567 F.3d at 1109 (for § 1983 claims, courts apply forum state's statute of limitations for personal injury claims); *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1137 n.2 (9th Cir. 2002) (for ADA claims, courts apply the statute of limitations for the most analogous state law); *Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 823 n.11 (9th Cir. 2001) (same for Rehabilitation Act claims); *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (discussing continuing violation doctrine).

The district court properly dismissed Thunderbird's § 1983 claims for damages against state agencies or state officials acting in their official capacities because those claims are barred by the Eleventh Amendment. *See Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007) (Eleventh Amendment bars

-2-

§ 1983 damages claims against state officials in their official capacity); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (Eleventh Amendment immunity applies to state agencies, including the department of prisons).

The district court did not err in dismissing Thunderbird's claims alleging discrimination regarding his tinted eyeglasses and insulin because Thunderbird did not exhaust his administrative remedies prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules).

The district court properly dismissed Thunderbird's claim for violation of his religious rights because Thunderbird did not allege facts in the operative second amended complaint showing that defendants' actions substantially burdened his ability to practice his religion. *See Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008) (First Amendment's Free Exercise Clause is only implicated when a prison practice burdens a prisoner's sincerely-held religious beliefs); *Warsoldier v. Woodford*, 418 F.3d 989, 994-95 (9th Cir. 2005) (under the Religious Land Use and Institutionalized Persons Act, prisoner must show that the challenged policy imposes a substantial burden on the exercise of his religious beliefs).

The district court properly granted summary judgment on Thunderbird's

deliberate indifference claims because Thunderbird did not raise a genuine dispute of material fact as to whether defendant Dr. Gulick consciously disregarded a serious risk of harm to Thunderbird's health by (1) adjusting his medications, (2) denying his request to wear sweat pants, or (3) removing his authorization for tinted eyeglasses. *See Toguchi*, 391 F.3d at 1057-58 (discussing deliberate indifference standard and noting that a difference in opinion concerning the appropriate course of treatment does not amount to deliberate indifference).

Thunderbird's contentions regarding discovery and service are unpersuasive.

We do not consider Thunderbird's remaining contentions because they were not specifically raised and argued in his opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

We deny Thunderbird's November 12, 2013 motion for joinder of parties and claims.

**AFFIRMED.**