**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 23 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LARY FEEZOR, | No. 12-17388 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-00908-KJM-CMK |
| v. | |
| SEARS, ROEBUCK AND CO., | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Argued and Submitted February 10, 2015
San Francisco, California

Before: THOMAS, Chief Judge, and TASHIMA and McKEOWN, Circuit Judges.

Lary Feezor appeals the district court's grant of summary judgment against

him as to his action brought pursuant to the Americans with Disabilities Act of

1990, 42 U.S.C. §§ 12101 et. seq. ("ADA") and California state law. We affirm.

Because the parties are familiar with the history of the case, we need not recount it

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

here.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review a grant of summary judgment de novo.  *Metro. Life Ins. Co. v. Parker*, 436 F.3d 1109, 1113 (9th Cir. 2006).

An ADA plaintiff  "can establish standing to sue for injunctive relief either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility."  *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944 (9th Cir. 2011).  Where "the public accommodation being sued is far from the plaintiff's home," a plaintiff shows "actual or imminent injury sufficient to establish standing" when he or she "demonstrates an intent to return to the geographic area where the accommodation is located and a desire to visit the accommodation if it were made accessible."  *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1037 (9th Cir. 2008).  A plaintiff's "profession of an 'inten[t]' to return to the places [he] had visited before" is not sufficient to establish standing because "[s]uch 'some day' intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992)**.**

Plaintiff has not demonstrated an intent to return to the Sears store.  He has failed to articulate a "concrete plan[]" to return to the store or to the geographic

2

area where the store is located.  *Id.*; *D'Lil*, 538 F.3d at 1037-38.  Rather, he has articulated only "'some day' intentions" that do not support a finding of actual or imminent injury.  *Lujan*, 504 U.S. at 564.

Plaintiff also has failed to demonstrate that he is deterred from visiting the Sears store.  To establish standing based on deterrence, an ADA plaintiff must demonstrate that he would return but for the barrier.  *See Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1040 (9th Cir. 2008); *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002).  Plaintiff's conclusory statements that he is deterred from visiting Sears are insufficient to demonstrate that he would shop at Sears if it were accessible.  As a result, he lacks standing to pursue his claims.

**AFFIRMED.**