NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 8 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FELIPE ANTONIO, | No. 15-55424 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-04323-SVW-AS |
| v. | |
| VANARETH KIM YI; EMAD NAIEM GHALY GABRA, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted July 14, 2017[**]
Pasadena, California

Before: PREGERSON and WARDLAW, Circuit Judges, and CHEN,[***] District Judge.

Felipe Antonio appeals the district court's order dismissing for lack of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Edward M. Chen, United States District Judge for the Northern District of California, sitting by designation.

standing his suit under the Americans with Disabilities Act (ADA) and various state laws against Vanareth Kim Yi and Emad Naiem Ghaly Gabra (Defendants). We have jurisdiction under 28 U.S.C. § 1291. We dismiss the appeal as moot.

1. The district court erred in finding that Antonio lacked standing. To establish Article III standing, an ADA plaintiff must show that "he has suffered an injury-in-fact, that the injury is traceable to the Store's actions, and that the injury can be redressed by a favorable decision." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (en banc). Because an injunction is the only relief available to a private ADA plaintiff, "he must demonstrate a 'real and immediate threat of repeated injury' in the future." *Id.* (quoting *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974)). A plaintiff who brings a barrier-to-access claim under the ADA can show a likelihood of future injury in one of two ways. *Chapman*, 631 F.3d at 950. First, the plaintiff can establish that "he intends to return to a noncompliant accommodation and is therefore likely to reencounter a discriminatory architectural barrier." *Id.* Alternatively, the plaintiff can show that "discriminatory architectural barriers deter him from returning to a noncompliant accommodation," but that he would return if the barriers were removed. *Id.*

Here, Antonio declared that since his initial visit, he "found [himself] in the vicinity of the Kevs [sic] Liquor Store several times," but was deterred from shopping there because of the inaccessible entrance. He claims that he likes the

2

store's selection of drinks and cigars, and that he will return to Kev's Liquor Store (which is in the same metropolitan area as his home) on a regular basis once the barriers are fixed. These allegations are sufficient to establish standing under the deterrence theory. *See Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1041 (9th Cir. 2008) ("Allegations that a plaintiff has visited a public accommodation on a prior occasion and is currently deterred from visiting that accommodation by accessibility barriers establish that a plaintiff's injury is actual or imminent."); *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002) (finding standing where plaintiff "visited Holiday's Paradise store in the past and state[d] that he ha[d] actual knowledge of the barriers to access at that store . . . [,] that he prefers to shop at Holiday markets[,] and that he would shop at the Paradise market if it were accessible").

2.      Although Antonio had standing to sue, we dismiss this case as moot. To prevail on an ADA claim based on an architectural barrier, a plaintiff must prove that (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) for structures built before January 26, 1992, like Defendants' store here, the removal of the barrier is "readily achievable." 42 U.S.C. § 12182(b)(2)(A); 36 C.F.R. Pt. 36.304.

Here, Antonio complained of three barriers at Kev's Liquor Store: the unramped stairs, lack of handicap-accessible parking, and 24-inch wide interior

3

walkways. Defendants presented evidence, mainly Defendant Yi's declaration and Certified Access Specialist David Amestoy's report, that removing these barriers would be either infeasible or prohibitively expensive. Among other things, barrier removal would require removing the store's front wall and relocating it several feet back from the sidewalk, closing the store for several days, and reducing the already-limited space for merchandise. The cost, scope, and infeasibility of barrier removal, coupled with Defendants' lack of resources, render barrier removal not "readily achievable." *See* 42 U.S.C. § 12181(9).

In light of these circumstances, Defendants made other changes to improve the store's accessibility, including: (1) implementing curbside delivery; (2) installing a doorbell and signs indicating that staff assistance is available; (3) relocating shelves to increase maneuverability; and (4) disavowing public parking in the small open area to the east of the store. These changes are accepted "alternatives to barrier removal" under the ADA. *See* 28 C.F.R. § 36.305(b). Therefore, Defendants have brought the store into ADA compliance. Because Antonio is only suing for injunctive relief, Defendants' voluntary compliance with the ADA prior to trial moots the case. *See Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011).

**DISMISSED AS MOOT. Costs taxed against Appellant.**