# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| GENEVA LANGWORTHY, | No. 55937-4-II |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| PENINSULA SINGERS, | |
| Respondent. | |

CRUSER, A.C.J.—Langworthy filed a complaint on January 20, 2021, alleging that the Peninsula Singers discriminated against her in violation of the Washington Law Against Discrimination (WLAD) and the Americans with Disability Act (ADA). Peninsula Singers moved to dismiss, arguing that the complaint was untimely because the limitations period expired on January 19, 2021. Langworthy agreed that would be the correct expiration date, but asked the court to toll the limitations period because when she went to file on January 19, she learned of the filing fee and was not able to pay it. As a result, she had to return on January 20 to request a fee waiver. She also argued that her disability contributed to her missing the deadline. Peninsula Singers argued that Langworthy's disability did not prevent her from understanding the proceedings and that an inability to pay a filing fee does not excuse failure to file within the limitations period. The court declined to toll the limitations period and dismissed the claim.

Langworthy appeals the court's dismissal of her cause of action, arguing that she was incompetent or disabled within the meaning of RCW 4.16.190(1), which allows tolling of the statute of limitations where a plaintiff is incapacitated or disabled to the extent that they cannot understand the nature of the proceedings. We affirm the trial court's dismissal of Langworthy's suit.

FACTS

On January 20, 2021, Langworthy filed a complaint alleging that the Peninsula Singers violated the WLAD and ADA by excluding her from its singing group. She asserts that she attempted to file on January 19, 2021, but could not afford to pay the filing fee, so she had to return the next day to appear on an ex parte court docket to seek a fee waiver.

Langworthy's complaint alleged that she had disabilities including "fears of germs and contagious viruses." Clerk's Papers at 9. It described how Langworthy would distance herself from other singers in order to accommodate that fear. It alleged that due to this distancing behavior, the Peninsula Singers revoked her invitation to sing with the group. It went on to allege that Langworthy asked for accommodations under the ADA and was told by Peninsula Singers' president on January 17, 2018, that the Peninsula Singers was not subject to the ADA.

Peninsula Singers moved to dismiss because the action was time barred by the applicable statute of limitations. The court heard arguments on the motion, during which Peninsula Singers argued that Langworthy was not entitled to tolling due to personal disability because she understood the proceedings, but simply was unaware of the filing fee. Langworthy then explained, "I guess I could have filed it at any time during those three years, . . . but it's true, I struggle with punctuality in general and, you know, it's definitely related to my disabilities." Verbatim Rep. of

Proc. (VRP) at 6. She described how she "didn't want to let the statute of limitations run out" and went on to state,

> the reason it didn't get filed on January 19th is because I couldn't afford to pay the filing fee, so, you know, to ask the court to toll the statute of limitations by one day so that, you know, so that I can get the filing fee waived, because I think it comes down to more than just disability issues. I think it's a fundamental access to justice issue, because if the filing fee was not an obstacle to me accessing justice, it would've been date stamped the 19th.

VRP at 6, 8. Peninsula Singers argued in response that Langworthy "knew the deadline" and would have been able to timely obtain a fee waiver had she called or arrived at the court in advance of 1:00 p.m. (ex parte's availability) on the last day of the limitations period. VRP at 9.

The court granted Peninsula Singers' motion to dismiss, reasoning that "[a] perfection of filing requires both submission to the court clerk and also payment of the filing fee and if the filing fee should be waived then that can be addressed and needs to be addressed timely to insure a timely perfection of the filing of the complaint." VRP at 10.

ANALYSIS

STATUTE OF LIMITATIONS

Langworthy acknowledges that her "complaint and summons were filed one day late, because of the requirement that she had to go to Ex Parte court in order to request a waiver of the filing fee" but argues that the statute of limitations should have been tolled for one day due to her personal disability. Br. of Appellant at 4. Peninsula Singers responds that Langworthy has provided no evidence showing she was incapacitated or disabled to the extent required for tolling, and that Langworthy admits she understood the statute of limitations as a concept and as applied to her case. We agree with Peninsula Singers.

No. 55937-4-II

A. Legal Principles

Under CR 12(b)(6), a defendant may move to dismiss when pleadings do not state a claim on which the relief may be granted. We review CR 12(b)(6) dismissals de novo. *Trujillo v. Nw. Tr. Servs., Inc.*, 183 Wn.2d 820, 830, 355 P.3d 1100 (2015). In doing so, we "presume that the plaintiff's factual allegations are true and draw all reasonable inferences from the factual allegations in the plaintiff's favor." *Id*. However, "[i]f a plaintiff's claim remains legally insufficient even under his or her proffered hypothetical facts, dismissal pursuant to CR 12(b)(6) is appropriate." *Id*. (quoting *FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc.*, 180 Wn.2d 954, 963, 331 P.3d 29 (2014)).

Expiration of the statute of limitations is an affirmative defense, with the defendant carrying the burden of proof. CR 8(c). "A plaintiff, however, carries the burden of proof if he or she alleges that the statute was tolled and does not bar the claim." *Rivas v. Overlake Hosp. Med. Ctr.*, 164 Wn.2d 261, 267, 189 P.3d 753 (2008).

A personal disability may justify tolling the statute of limitations if a plaintiff is "incompetent or disabled to such a degree that he or she cannot understand the nature of the proceedings." RCW 4.16.190(1). To qualify for tolling under this provision,

> [p]laintiffs must show that (1) they are entitled to bring the action, (2) they are incapacitated at the time the cause of action accrues, (3) they are incompetent or disabled to the degree that they cannot understand the nature of the proceedings, and (4) the incompetency or disability exists as "determined according to chapter 11.88 RCW."

4

*Rivas*, 164 Wn.2d at 268. Under the fourth factor, the court must find that the plaintiff "has a significant risk of personal harm based upon a demonstrated inability to adequately provide for nutrition, health, housing, or physical safety." Former RCW 11.88.010(1)(a) (2016).[1]

B. Application

The parties agree[2] that absent any tolling, the statute of limitations here began on January 17, 2018, and expired on January 19, 2021. Langworthy argues, relying primarily on facts outside the record, that the limitations period should be tolled because she was disabled when her cause of action accrued. Specifically, she alleges that a physician opined in March 2018 that she was not competent to manage her own funds. She also contends that because she receives Social Security Disability Insurance (SSDI) payments, we should assume that she was incompetent within the meaning of the relevant statute.

It was Langworthy's burden to prove her disability or incompetence within the meaning of RCW 4.16.190(1), and she failed to meet that burden. She did not allege any facts suggesting that she failed to understand the nature of the proceedings, including the statute of limitations. Indeed, Langworthy acknowledged during argument before the superior court that she "could have filed it

---

[1] Chapter 11.80 RCW has been repealed, effective January 1, 2022. *See* LAWS OF 2020, ch. 312, § 904 (Jan. 1, 2022). We apply the version of the statute that was in effect at the time Langworthy's cause of action accrued.

[2] Neither WLAD nor ADA contains its own statute of limitations. WLAD is subject to our state's general three-year statute of limitations under RCW 4.16.080(2). *Adler v. Fred Lind Manor*, 153 Wn.2d 331, 355, 103 P.3d 773 (2004) (acknowledging that WLAD's text does not provide for statute of limitations but that courts apply statutory limitations period in RCW 4.16.080(2)). The ADA is subject to the limitations period of "the most analogous state law." *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1137 n.2 (9th Cir. 2002). Because the parties agree that a three-year limitations period applies and do not argue the point to us, we assume without deciding that they are correct.

at any time during those three years." VRP at 6. Langworthy's complaint also suggests that she understood her rights under the ADA in January 2018 because she emailed Peninsula Singers' president requesting accommodations. True, Langworthy's complaint alleges disabilities existing in January 2018 that include phobias, but it makes no allegations that would support a finding of incompetence.[3] Thus, we affirm the trial court's dismissal of Langworthy's complaint.

## CONCLUSION

We affirm the superior court's dismissal of Langworthy's suit.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Cruser, A.C.J.

We concur:

Veljacic, J.

Price, J.

---

[3] Nor can we assume, as Langworthy asks us to, that any SSDI recipient is incompetent within the meaning of the guardianship statute.