**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| DIMAS O'CAMPO,<br><br>              Plaintiff - Appellant,<br><br>v.<br><br>RAGHBIR SINGH GHOMAN, DBA<br>Quik Shop 2; GHOMAN'S<br>PROPERTIES, LLC,<br><br>              Defendants - Appellees. | No. 13-16750<br><br>D.C. No. 2:08-cv-01624-KJM-<br>DAD<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted October 22, 2015[**]
San Francisco, California

Before: PAEZ, MURGUIA, and HURWITZ, Circuit Judges.

Appellant Dimas O'Campo is severely disabled and brought suit under the

Americans with Disabilities Act (ADA) and California's Disabled Persons Act,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Unruh Civil Rights Act, and Health and Safety Code against the owners of the Quik Shop 2 gas station, alleging he encountered multiple barriers to access there. He appeals the district court's sua sponte dismissal of his first amended complaint with prejudice for lack of standing. We affirm in part, vacate in part, and remand.

For an ADA plaintiff to establish Article III standing, he must show that "he has suffered an injury-in-fact, that the injury is traceable to the Store's actions, and that the injury can be redressed by a favorable decision." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (en banc). And because an injunction is the only relief available to a private ADA plaintiff, "he must demonstrate a 'real and immediate threat of repeated injury' in the future." *Id.* (quoting *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974)). A plaintiff bringing a barrier-to-access claim under the ADA can show a likelihood of future injury in one of two ways. *Chapman*, 631 F.3d at 950. First, he can establish that "he intends to return to a noncompliant accommodation and is therefore likely to reencounter a discriminatory architectural barrier." *Id.* Alternatively, he can show that the "discriminatory architectural barriers deter him from returning to a noncompliant accommodation," but that he would return if the barriers were removed. *Id.* O'Campo fails to establish standing under either theory.

We agree with the district court that O'Campo failed to establish standing under the intent-to-return theory. In his declaration in support of his motion for summary judgment, O'Campo alleged that the barriers "continue to exist" and that he therefore had "reasonable grounds for believing that [he] will be subjected to future discrimination when [he] return[s] to the facility." However, O'Campo failed to state *when* he intended to return to the gas station, much less provide any other information to show that his return was likely. "Such 'some day' intentions—without any description of concrete plans, or indeed any specification of *when* the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992).

Nor did O'Campo establish standing under the deterrence theory. O'Campo alleged he was deterred from visiting the gas station because of the barriers to access. However, O'Campo did not allege that he would return to the gas station if these barriers were removed, as was required to establish standing under the deterrence theory. *Cf. Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002) (holding imminent injury established when plaintiff "state[d] that he prefers to shop at Holiday markets and that he would shop at [defendant's] Paradise market if it were accessible").

3

The district court did not err in dismissing O'Campo's complaint sua sponte, as it may dismiss a case for lack of jurisdiction without giving notice to the parties. *Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003); *Franklin v. Oregon, State Welfare Div.*, 662 F.2d 1337, 1342 (9th Cir. 1981). However, the district court erred in dismissing the complaint with prejudice, as a dismissal for lack of jurisdiction is not an adjudication on the merits. *See* Fed. R. Civ. P. 41(b); *Wolfson v. Brammer*, 616 F.3d 1045, 1064 (9th Cir. 2010) (holding that dismissal for curable jurisdictional defect is not an adjudication on the merits and that plaintiff could file a second action on the same claim once the deficiency was corrected). We vacate the district court's dismissal with prejudice and remand for entry of an order dismissing the complaint without prejudice. O'Campo may request leave to file an amended complaint.

**AFFIRMED in part, VACATED in part, and REMANDED.**

Each party shall bear its own costs on appeal.