**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

AUG 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDRE HOSKINS,<br><br>             Plaintiff-Appellant,<br><br>    v.<br><br>UNITED STATES GOVERNMENT; et al.,<br><br>             Defendants-Appellees. | No. 16-35880<br><br>D.C. No. 2:16-cv-01055-RSM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief Judge, Presiding

Submitted August 9, 2017[**]

Before:    SCHROEDER, HAWKINS, and TASHIMA, Circuit Judges.

Andre Hoskins appeals pro se from the district court's order dismissing his

action alleging various federal claims.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo a dismissal under Fed. R. Civ. P. 12(b)(6).  *Lukovsky*

*v. City & County of San Francisco*, 535 F.3d 1044, 1047 (9th Cir. 2008).  We

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Hoskins' request for oral
argument, set forth in his opening brief, is denied.

affirm.

The district court properly dismissed Hoskins' action as time-barred, because Hoskins filed this action years after the applicable statute of limitations had run. *See* 17 U.S.C. § 507(b) (three year statute of limitations for copyright infringement claims); *Pincay v. Andrews*, 238 F.3d 1106, 1108 (9th Cir. 2001) (four year statute of limitations for civil Racketeer Influence and Corrupt Organization claims); *see also* Wash. Rev. Code § 4.16.080(2) (three year statute of limitations for personal injury claims); *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1137 n.3 (9th Cir. 2002) (for claims under the Americans with Disabilities Act, courts apply the statute of limitations for the most analogous state law); *McDougal v. County of Imperial*, 942 F.2d 668, 673-74 (9th Cir. 1991) (§ 1983 and § 1985 claims are governed by forum state's statute of limitations for personal injury actions).

The district court did not abuse its discretion by denying Hoskins' motion to compel interrogatories. *See Hallet v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and describing trial court's broad discretion to deny discovery).

We do not consider documents and facts not presented to the district court.

16-35880

*See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

**AFFIRMED.**